ORDER

AMERICAN INDIANS RESIDING ON
the MARICOPA–AK CHIN
RESERVATION

v.

The UNITED STATES.

No. 235.

United States Claims Court.

Oct. 14, 1982.

Z. Simpson Cox, Phoenix, Ariz., for plaintiffs.

Bernard M. Sisson, Washington, D.C., with whom was Asst. Atty. Gen. Carol E. Dinkins, Washington, D.C., for defendant.

HARKINS, Judge.

On December 2, 1981, the United States Court of Claims, 667 F.2d 980, entered judgment that plaintiffs were entitled to recover (a) $135,902.71 in connection with the Decker lease; (b) appropriate interest on the $19,472.81 rentals paid on the Decker lease, deposited in account No. M–261; and (c) disbursements on schedule No. 4 (pages 25 and 26 of the 1971 GSA report) in the amount of $5,827.97.

Partial payment of the judgment in the amount of $141,730.68 (items (a) and (c) above) has been made and transferred to the Bureau of Indian Affairs (BIA) pursuant to Section 1302 of the Supplemental Appropriation Act, February 3, 1982 (31 U.S.C. § 724a). Payment for interest on the $19,472.81 rentals (item (b) above) has not been determined or appropriated.

On August 4, 1982, Z. Simpson Cox, plaintiffs' attorney of record, moved that he be awarded 10 percent (10%) of the amounts received by plaintiffs on the judgment, plus any post-judgment interest that may have been received from investment of that 10 percent. Copies of the attorney's motion have been furnished to the Ak-Chin Indian Community Council and its chairperson.

Mr. Cox has been attorney of record since 1951 and his services have been rendered pursuant to contract No. I–1–ind 42600. This contract has been duly approved by BIA, has been successively renewed, and is effective through April 27, 1983. The contract provides that 10 percent of any amounts recovered, exclusive of reimbursement for actual expenses, would be reasonable compensation for the attorney fee.

No provision of the attorney contract provides for the payment of interest on any fee allowed pursuant to said contract. Mr. Cox's motion cites no statutory provision which would authorize payment of such interest. Interest may not be allowed on a claim against the United States in noncondemnation cases unless there is a

contract or a statute expressly providing for the payment of interest (28 U.S.C. § 2516(a) (1976); *United States v. Mescalero Apache Tribe,* 207 Ct.Cl. 369, 378–91, 518 F.2d 1309, 1314–17 (1975)).

BIA has no objection to the allowance of attorney fees of $14,173.07, which is 10 percent of the portion of the judgment that has been paid.

Similarly, the Department of Interior and the Department of Justice have no objection to the payment of the attorney fee of 10 percent of the payment received by the plaintiff Indians.

Award of 10 percent is supported not only by the terms of the attorney contract but also by the work done by Mr. Cox in this matter since 1951. The affidavit attached to Mr. Cox's motion states that his firm has recorded total of 2,266.5 hours of attorneys' time on this case.

■ Although Mr. Cox secured for his client only limited compensation on but one of the six causes of action in the 1951 petition, and disposition of this case has been protracted by reason of delays for which Mr. Cox in part was responsible, allowance of the full 10 percent permitted by the contract is reasonable and warranted.

Accordingly, without prejudice to subsequent application for an additional fee when the remaining part of the judgment is paid,

IT IS ORDERED: Z. Simpson Cox is allowed the sum of fourteen thousand one hundred and seventy-three dollars and seven cents ($14,173.07) for legal services rendered in this proceeding, said sum to be paid out of the judgment awarded to plaintiffs.